UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCOIS P. GIVENS, | ) | CV F- 04-6288 AWI DLB P |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | ) | |
| | ) | |
| DERRAL G. ADAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | [Docs. 60, 79] |
| | ) | |
| | | **OBJECTIONS DUE MARCH 20, 2007** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the court are two motions for preliminary injunctive relief. Both motions request that the Court advance this case to trial and further issue restraining orders prohibiting defendants from coming into contact with plaintiff during this action or interfering with plaintiff's legal mail and legal materials.

As plaintiff has been advised, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable

1  harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi</u>
2  <u>v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the
3  plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an injunction should
4  not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a bare minimum, the
5  plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to
6  require litigation." <u>Id</u>.

7       "A federal court may issue an injunction if it has personal jurisdiction over the parties and
8  subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not*
9  *before the court*." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985)
10 (emphasis added).

11      This case has been on appeal with the Ninth Circuit Court of Appeal since January 27, 2006.
12 On December 26, 2006, the Ninth Circuit dismissed the appeal for lack of jurisdiction.  On October
13 27, 2006, plaintiff requested leave to amend the complaint to include new claims and parties.  The
14 Court has granted this request.  Accordingly, plaintiff's claims have not yet been screened by the
15 Court, nor has the Court determined that plaintiff has stated cognizable claims against the named
16 defendants.  Plaintiff has been advised that he is not entitled to preliminary injunctive relief until
17 such time as the court finds that his complaint contains cognizable claims for relief against the
18 named defendants <u>and</u> the named defendants have been served with the summons and complaint.
19 Plaintiff's motions are once again premature.  Plaintiff is cautioned that any further motions for
20 preliminary injunctive relief that are filed before defendants are served with process in this case will
21 be denied as premature.

22      Further, even if, at a future time, the court finds plaintiff has stated cognizable claims for
23 relief and this action proceeds forward, the court cannot issue orders that do not remedy the claims
24 alleged in this action.  Thus, plaintiff is not entitled to an order that, rather than serving to remedy the
25 claims in this action, serves to allow plaintiff to litigate this action more effectively.

26      Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
27 preliminary injunctive relief be denied, without prejudice, as premature.

28

1  These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  On or before March
3 20, 2007, plaintiff may file written objections with the court.  The document should be captioned
4 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure
5 to file objections within the specified time may waive the right to appeal the District Court's order.
6 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
7  IT IS SO ORDERED.
8  **Dated:  March 6, 2007**       /s/ **Dennis L. Beck**
   3c0hj8                                 UNITED STATES MAGISTRATE JUDGE