1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | 1:04-cv-6288-AWI-DLB-P |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATION AND DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF |
| vs. | |
| DERRAL G. ADAMS, et al., | ORDER DENYING MOTION TO WITHDRAW CONSENT AND DISQUALIFY MAGISTRATE JUDGE |
| Defendants. | (Documents #60, #79, #82, #87) |

## BACKGROUND

Plaintiff Francois P. Givens ("Plaintiff"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On March 7, 2007, the Magistrate Judge filed Findings and Recommendations that recommended the court deny Plaintiff's motions for preliminary injunctive relief..   The Findings and Recommendations were served on Plaintiff and contained notice to Plaintiff that any objections could be filed by March 20, 2007.    After receiving an extension of time within which to file objections, on March 30, 2007, Plaintiff filed objections, along with a motion to withdraw

consent and disqualify the Magistrate Judge.

## DISCUSSION

**A. Motions for Injunctive Relief**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendations, recommending Plaintiff's motions for injunctive relief be denied, to be supported by the record and by proper analysis.

As explained by the Magistrate Judge, before the court may issue injunctive relief, the court must have before it a case or controversy. See Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972). In addition, the court is unable to issue any order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). Finally, "to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Lebron v. Armstrong, 289 F. Supp. 2d 56, 61 (D. Conn. 2003). At this time, the court has dismissed the operative complaint with leave to file a third amended complaint. As such, currently there are no claims or defendants before the court that involve the issue in Plaintiff's requested injunction – interference with Plaintiff's mail. To the extent Plaintiff attempted to make such a claim in his last complaint, Plaintiff failed to link any named Defendant to the alleged constitutional violation. As explained by the Magistrate Judge, preliminary injunctive relief is designed to preserve the status quo regarding the substance of the case; it is not available for the purpose of ensuring that Plaintiff can effectively or efficiently litigate his case. Because there is no complaint currently on file, the

2

court cannot address either the likelihood of success on the merits or whether there are serious

questions going to the merits of Plaintiff's claims.  Therefore, the court will adopt the Magistrate

Judge's recommendation that the motions for preliminary injunctive relief be denied.

**B.  Motion to Withdraw Consent and Disqualify Magistrate Judge Dennis L. Beck**

In the objections, Plaintiff requests that the court disqualify Magistrate Judge Dennis L.

Beck[1] and allow him to withdraw his consent.

Plaintiff seeks to recuse Magistrate Judge Dennis L. Beck from this action.   Title 28

U.S.C. § 455 provides:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself
> in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party, or
>> personal knowledge of disputed evidentiary facts concerning the
>> proceeding;
>> (2) Where in private practice he served as lawyer in the matter in
>> controversy, or a lawyer with whom he previously practiced law served
>> during such association as a lawyer concerning the matter, or the judge or
>> such lawyer has been a material witness concerning it;
>> (3) Where he has served in governmental employment and in such
>> capacity participated as counsel, adviser or material witness concerning the
>> proceeding or expressed an opinion concerning the merits of the particular
>> case in controversy;
>> (4) He knows that he, individually or as a fiduciary, or his spouse or minor
>> child residing in his household, has a financial interest in the subject
>> matter in controversy or in a party to the proceeding, or any other interest
>> that could be substantially affected by the outcome of the proceeding;
>> (5) He or his spouse, or a person within the third degree of relationship to
>> either of them, or the spouse of such a person:
>>> (i) Is a party to the proceeding, or an officer, director, or trustee of
>>> a party;
>>> (ii) Is acting as a lawyer in the proceeding;
>>> (iii) Is known by the judge to have an interest that could be
>>> substantially affected by the outcome of the proceeding;
>>> (iv) Is to the judge's knowledge likely to be a material witness in

---

[1]  Plaintiff refers to the Magistrate Judge assigned to this case as "Magistrate Judge Dennis L. Best." Because there is no Magistrate Judge Dennis L. Best in this court and the Magistrate Judge assigned to this action is Magistrate Judge Dennis L. Beck, the court will address Plaintiff's motion as to Magistrate Judge Dennis L. Beck.

the proceeding.
(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

The bias for recusal must stem from an "extrajudicial source."   Liteky v. United States, 510 U.S. 540, 554-56 (1994); United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir. 1997). In general, rulings made during the course of a case cannot be extra-judicial conduct. See Hasbrouck v. Texaco, Inc., 830 F. 2d 1513, 1523-24 (9th Cir. 1987); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F. 2d 1538, 1548 (9th Cir. 1988). However, in Liteky v. United States, the Supreme Court recognized that:

The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a necessary condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice.

Liteky, 510 U.S. 540, 554.  However, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky, 510 U.S. at 555; Ortiz v. Stewart, 149 F.3d 923, 940 (9th Cir. 1998); United States v. Bauer, 84 F.3d 1549, 1560 (9th Cir.1996).  Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Chischilly, 30 F.3d at 1149.   Thus, judicial rulings may support a motion for recusal only "in the rarest of circumstances."  Liteky, 510 U.S. at 555; Chischilly, 30 F.3d at 1149.

In this case, Plaintiff does not allege any "extrajudicial source" for Magistrate Judge Dennis L. Beck's alleged bias.    Plaintiff also has not demonstrated such a deep-seated favoritism on the part of Judge Dennis L. Beck as to make fair judgment impossible.   To the contrary, Magistrate Judge Dennis L. Beck continues to grant Plaintiff leave to amend his

complaint when another judge might have recommended dismissal of this action for Plaintiff's inability to state a claim.   Thus, Plaintiff's motion to disqualify Magistrate Judge Dennis L. Beck is denied.

Finally, Plaintiff requests to withdraw his consent.   The right to adjudication before an Article III judge is a constitutional right.  United States v. Neville, 985 F.2d 992, 999 (9th Cir. 1993). This right can be waived, however, allowing parties to consent to trial before a magistrate judge.  Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir.1993); see also 28 U.S.C. § 636(c)(1).  Once a civil case is referred to a magistrate judge under 28 U.S.C. 636(c), the reference can be vacated by the court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4).   Here, this action has not been referred to Magistrate Judge Dennis L. Beck.   All parties must agree to Magistrate Judge jurisdiction, and because Defendants have not yet made an appearance, they have not consented or declined to consent to Magistrate Judge jurisdiction.   Thus, any motion to withdraw the reference to Magistrate Judge Dennis L. Beck is premature as this case has not yet been referred to Magistrate Judge Dennis L. Beck.

The court notes that Plaintiff's basis for wanting to withdraw his consent appears to relate to rulings Magistrate Judge Dennis L. Beck has made his this case.   Contrary to Plaintiff's assumption, Local Rule 72-302(b)(c)(17) specifically refers all prisoner civil rights cases, including all motions, to the magistrate judge.   Magistrate Judge Dennis L. Beck would be making these non-dispositive rulings regardless of Plaintiff's consent.

//

**ORDER**

Accordingly, the court orders that:

1.     The March 10, 2007 Findings and Recommendations are ADOPTED in FULL;

2.     Plaintiff's motions for injunctive relief [documents #60 & #70] are DENIED;

3.     Plaintiff's motion to disqualify the Magistrate Judge [document #87] is DENIED;

4.     Plaintiff's motion to withdraw consent [document #87] is DENIED; and

5.     This action is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:    June 13, 2007**            _____ **/s/ Anthony W. Ishii** _____
                                          UNITED STATES DISTRICT JUDGE

6